### In re COLONIAL CHESHIRE I LIMITED PARTNERSHIP, Debtor.

### John J. O'NEIL, Jr., Trustee, Plaintiff,

### v.

### KELLEY DRYE & WARREN, Defendant.

Bankruptcy No. 2–91–01223.
Adv. No. 2–93–2156.

United States Bankruptcy Court,
D. Connecticut.

April 13, 1994.

Michael S. Schenker, Francis, O'Neil & Del Piano, Hartford, CT, for plaintiff-trustee.

Taggart D. Adams, Kelley Drye & Warren, Stamford, CT, for defendant.

### RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

ROBERT L. KRECHEVSKY, Chief Judge.

#### I.

The trustee for the estate of Colonial Cheshire I Limited Partnership, the debtor in the underlying Chapter 7 case, filed an adversary proceeding on April 7, 1993 seeking the return of all or a portion of funds the debtor had transferred prepetition to the defendant-law firm. The complaint states that these funds were property of the debtor's estate. The present motion, brought by the trustee pursuant to Fed.R.Bankr.P. 7015 and Fed.R.Civ.P. 15(a), requests leave to file an amended complaint to restate the total amount transferred and to add that the transfer of the funds to the defendant constituted a fraudulent transfer. The defendant objects to the motion, asserting that the amendment is untimely and will cause unfair prejudice. The court concludes that leave to amend should be granted.

#### II.

#### BACKGROUND

The debtor is a real estate limited partnership organized to own and manage certain commercial real estate in Cheshire, Connecticut. The original complaint alleges that in October 1990 and January 1991, the debtor transferred funds of the debtor totalling $93,917 to the defendant as payment for future anticipated legal services. The complaint characterizes these funds as property of the debtor's estate and seeks their return by the defendant.[1] The defendant's answer admits

---

1. Section 542(a) provides, in pertinent part:
   [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease

under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such proper-

that it received the funds from the debtor but denies that the trustee was entitled to return of any portion of the funds.

After a pretrial conference held July 12, 1993, the court entered a scheduling order under which, *inter alia,* the discovery deadline was extended to October 15, 1993, dispositive motions were to be filed by October 22, 1993, and a final pretrial conference was set for December 6, 1993. The discovery deadline was later extended to November 1, 1993. Neither party filed a dispositive motion. During the final pretrial conference, the court indicated that the trustee's theory for relief—turnover of the funds pursuant to § 542(a)—was suspect, and the trustee advised that he intended to amend the complaint.

On January 20, 1994 the trustee filed his motion to amend the complaint. The proposed amended complaint restates the amount of funds allegedly transferred to a total of $140,353 and adds two counts asserting fraudulent transfer causes of action. The trustee contends that he should be permitted to revise the amount of funds allegedly transferred because the restated dollar amount reflects newly discovered information produced by the defendant in response to the trustee's discovery requests. He argues that the broad policy governing amendments to complaints supports the requested amendment to state a fraudulent transfer action inasmuch as the original complaint put the defendant on notice that "its legal fees were being challenged." Trustee's Brief at 4.

The defendant objects to the amendment of the complaint, contending the trustee has shown an insufficient basis for the delay in seeking the amendment; discovery has been completed; and a final pretrial conference has been held. The defendant argues that it will be unfairly prejudiced because the fraudulent transfer counts "would require burdensome new discovery" and would entail a "far broader scope of inquiry" than a § 542 turnover action. Defendant's Brief at 8. The defendant also claims that the new fraudulent transfer counts do not relate back to the original transaction and are time-barred, not

having been brought within the two-year time period provided by Code § 546(a)(1).

## III.

### DISCUSSION

█ Rule 15(a) provides a liberal standard for the amendment of pleadings: "[A] party may amend the party's pleading ... by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a), *incorporated by* Fed.R.Bankr.P. 7015. The opposing party may object to the amendment on grounds of

> undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party. Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.

*State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981) (citing *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1963)). As the length of the delay in making the motion to amend increases, the threshold for demonstrating undue prejudice to the opposing party is correspondingly diminished. *See Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 47 (2d Cir.1983) ("[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.") (internal quotations omitted).

While Rule 15(a) motions are solidly within the trial court's discretion, the Second Circuit has noted that courts should engage in stricter scrutiny of motions to amend made close to scheduled trial dates after pretrial conferences have been held and discovery has been completed. *See, e.g., Evans,* 704 F.2d at 47 (holding that it was an abuse of the trial court's discretion to allow the defendant to amend his answer because he had not shown a compelling reason for his delay in not making the motion to amend "until after two pre-trial conferences, ... six days before the scheduled trial date ..., [and] two years and nine months after the defense could

---

ty, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

properly have been asserted"). The Second Circuit has also noted that the prejudice resulting to the opposing party is not as great when discovery has been completed, but no dispositive motions filed or trial dates established. *Compare Ansam Assocs., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985) (affirming district court's denial of motion to amend complaint and noting that "permitting the amendment would have been especially prejudicial given the fact that discovery had already been completed and [the defendant] had already filed a motion for summary judgment") *with State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d at 856 (finding that amendment of the complaint would not unduly prejudice the defendant because "no trial date had been set by the court and no motion for summary judgment had yet been filed"). *See also New York State Ass'n of Career Sch., Inc. v. State Educ. Dep't,* 142 F.R.D. 403, 405 (S.D.N.Y. 1992) (finding no undue delay or prejudice, even though the plaintiffs waited more than a year in making their motion, because the defendants "did not make any motion to dismiss or for summary judgment in the meantime"); *CL–Alexanders Lang & Cruickshank v. Goldfeld,* 739 F.Supp. 158, 167 (S.D.N.Y. 1990) ("When the motion is made after discovery has been completed *and* a motion for summary judgment has been filed, leave to amend is particularly disfavored because of the resultant prejudice to the defendant.") (emphasis added) (citing *Ansam Assocs.,* 760 F.2d at 446).

■ In the present matter, no trial date has been set and no dispositive motions have been filed. The amended complaint, as pleaded, does not "alleg[e] an entirely new set of operative facts of which the original complaint did not give fair notice." *See Hanlin v. Mitchelson,* 794 F.2d 834, 841 (2d Cir.1986) (reversing district court's denial of motion to amend complaint and distinguishing *Ansam Assocs.* because "the new claims are merely variations on the original theme . . ., arising from the same set of operative facts as the original complaint"). The additional fraudulent transfer claim relies on the same facts forming the basis of the original complaint: that the debtor paid funds to the defendant for which it never received fair value in return. Adding a second cause of action for return of the funds does not require the defendant to defend itself against significant new allegations that the defendant never knew were part of the subject of this proceeding. *See Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.,* 734 F.Supp. 1071, 1078 (S.D.N.Y.1990) (allowing amended complaint because it "contains no new factual allegations" and was "not a situation where the proposed amendment alleges an entirely new set of operative facts"); *Kuczynski v. Ragen Corp.,* 732 F.Supp. 378, 381–82 (S.D.N.Y.1989) (stating that "pleadings may not be amended to add an entirely new set of operative facts if the original complaint did not provide fair notice to the defendant," but finding that the amended complaint merely "reformulate[d] the old factual allegations in a way that will state [an additional cause of action]"). The defendant's assertion that the elements of a fraudulent transfer action will require it to investigate and defend against some additional details or circumstances does not rise to the level of undue prejudice. *See United States v. Continental Ill. Nat'l Bank & Trust Co.,* 889 F.2d 1248, 1255 (2d Cir. 1989) (adverse party's burden of investigating new allegations in amended pleading, including undertaking discovery, does not by itself "suffice to warrant denial of a motion to amend"); *In re Crazy Eddie Sec. Litig.,* 792 F.Supp. 197, 205 (E.D.N.Y.1992) (addition of RICO claim requiring defendant to investigate additional factual allegation did not unduly prejudice defendant when defendant had been put on notice previously of the facts giving rise to the RICO claim).

Although it is likely that the trustee previously had all the facts necessary to assert a fraudulent transfer action, this fact, considered alone or in the totality of the circumstances, does not mandate denial of the motion to amend. Courts have allowed parties to amend their pleadings "long after they acquired the facts necessary to support such claims" so long as the equities favoring amendment are not outweighed by the undue prejudice caused by the amendment. *Schonberger v. Serchuk,* 742 F.Supp. 108, 117 (S.D.N.Y.1990) (citing cases); *Mooney v. Vitolo,* 435 F.2d 838, 839 (2d Cir.1970) ("It is an accepted principle of federal practice that a litigant ought not be denied his day in court merely on the ground that his complaint is

inartfully drawn."); *cf. also In re Rosen,* 132 B.R. 679, 681–82 (Bankr.E.D.N.Y.1991) (A plaintiff's complaint "should not be dismissed merely because the Plaintiff's allegations are not supported by the specific legal theory advanced. Rather, a court is under a duty to examine the complaint to determine if any possible theory for relief exists."). Because "federal pleading is by statement of claim, not by legal theory," the trustee's motion to amend his complaint to state an additional theory of recovery based on the same facts cannot be viewed as prejudicing the defendant. *Flickinger v. Harold C. Brown & Co., Inc.,* 947 F.2d 595, 600 (2d Cir.1991).

█ The defendant's alternative ground for denying the motion to amend is that the new fraudulent transfer counts are barred because they were not filed within the two-year period established by § 546(a)(1). Rule 15(c) provides, however, that "[a]n amendment of a pleading relates back to the date of the original pleading" for statute of limitations purposes when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...." Fed.R.Civ.P. 15(c)(2). The amended complaint would not rely on a new set of operative facts and would necessarily relate back to the transaction that was the subject of the original complaint. The defendant's argument consequently fails. *See Kuczynski v. Ragen Corp.,* 732 F.Supp. at 383 (Court's ruling that proposed new claims were based on same factual allegations compels conclusion that defendant's time-bar argument must be rejected because the proposed new "claims arise out of the same conduct as alleged in the original pleadings, [and] the amendment [therefore] relates back to the date of the original pleading.").

### IV.

### *CONCLUSION*

For the reasons expressed, the plaintiff's motion to amend his complaint is granted. It is

SO ORDERED.