In re FRANK SANTORA EQUIPMENT
CORP., Santora Crane Service,
Inc., Debtor.

Allan B. MENDELSOHN, Chapter 7
Trustee of the Estate of Frank Santora
Equipment Corp., Santora Crane Service, Inc., Plaintiff,

v.

MACK FINANCIAL CORPORATION,
Defendant.

Bankruptcy Nos. 892–83119–
478, 892–83118–478.
Adv. No. 895–8785–478.

United States Bankruptcy Court,
E.D. New York.

Nov. 22, 1996.

Zeichner Ellman & Krause by Peter Janovsky, New York City, for Chapter 7 Trustee.

Maimone & Angel by Thomas M. Hennessey, Mineola, NY, for Mack Financial Corp.

DOROTHY EISENBERG, Bankruptcy Judge.

Before the Court is a motion by Allan B. Mendelsohn, Chapter 7 Trustee (the "Trustee") of the Estate of Frank Santora Equipment Corp. and Santora Crane Service, Inc. (the "Debtor") seeking an order authorizing the Trustee to amend the complaint filed against Mack Financial Corporation ("Mack" or "Defendant"). The Trustee seeks to amend the complaint, which initially sought to avoid a preferential transfer pursuant to Section 547 of the Bankruptcy Code, to delete the preference action and to replace it with a cause of action to avoid the transfer as a fraudulent conveyance pursuant to 11 U.S.C. § 548. Mack has opposed the motion claiming: (1) that amending the complaint would cause undue prejudice to Mack; and (2) that the fraudulent conveyance claim would not relate back to the date of the original complaint as it is a new claim involving new facts, and therefore is untimely.

Based on the facts before the Court and relevant case law, the Court grants the Trustee's motion to amend the complaint to

delete the preference claim and add the fraudulent conveyance claim. The Court further finds that the fraudulent conveyance claim is not barred by the two-year statute of limitations since the claim asserted in the amended complaint arose out of the same transaction as set forth in the initial complaint.

## FACTS

On September 22, 1995, the Trustee commenced this adversary proceeding by filing a complaint against Mack seeking to avoid a preference and recover payments made to Mack within one year prior to the filing date. The summons was issued on December 27, 1995 and the summons and complaint were served on January 8, 1996. The complaint alleged that within one year of the filing date, the Defendant received payments of not less than $39,381.77 (the "Transfer") which were in consideration of an antecedent debt owed by the Debtor to the Defendant and benefited an insider of the Defendant.

It is clear that the Trustee did not file the complaint against Mack until two years after his appointment as permanent trustee, and over two years since his appointment as temporary trustee. However, the Court finds that the filing of the original complaint is timely pursuant to Section 546 of the Bankruptcy Code.

Currently, Mack's New York branch is closed. Mack has undergone corporate downsizing and the assets of Mack Financial Corporation have been sold. Therefore, Mack would have difficulty in locating the personnel and documents necessary to defend any action requiring a review of Mack's books and records, including a preference action or a fraudulent conveyance action.

On January 9, 1996, the Trustee served certain discovery requests upon the Defendant, including the first request for the production of documents and a first set of interrogatories (the "Discovery Request").

Mack did not answer or otherwise respond to the complaint by the end of the time to respond. Thereafter, the Trustee obtained a supplemental summons dated April 18, 1996, which was served on other possible addresses

of the Defendant on April 26, 1996. Mack did not timely respond to the supplemental summons. However, according to Mack's counsel, Mack sent the summons and complaint to counsel shortly after the time to respond, on or about May 1, 1996. Counsel for Mack then requested consent from the Trustee to file a late response. The Trustee consented and thereafter Mack filed a motion to dismiss or, in the alternative, for summary judgment. The Court denied the motion to dismiss and set a pre-trial hearing for August 14, 1996. The Trustee extended Mack's time to respond to the Discovery Request until on or about August 2, 1996. On that day, counsel to Mack responded to the Discovery Request with a letter stating that "Mack has no records in the name of the [Debtors]". Further, counsel stated that Mack was unable to provide any information or documents in response to the Discovery Request. See Exhibit "C" to Plaintiff's motion to amend. It is at this point that the Trustee first discovered that a fraudulent conveyance claim may lie against the Defendant. Prior to that point in time, the Trustee merely knew that Mack had received a payment from Santora Crane Service, Inc.

The Trustee now seeks to amend the complaint to add a fraudulent conveyance claim pursuant to 11 U.S.C. § 548. The amended complaint, which is annexed to the Plaintiff's motion as Exhibit "D", alleges that the fraudulent conveyance claim arises from the same transfer as indicated in the initial complaint. The additional language to be added to the complaint is that "the Transfer was made without fair consideration passing to the Debtors. Upon information and belief, the Debtor received less than a reasonably equivalent value in exchange for the Transfer."

## DISCUSSION

Federal Rules of Bankruptcy Procedure, Rule 7015 expressly makes Fed.R.Civ.P. 15 applicable to adversary proceedings commenced in bankruptcy cases. Rule 15(a) sets forth the standard for the amendment of pleadings. The second sentence of Rule 15(a) states that after issue has been joined:

[a] party may amend his pleading only by leave of court or by written consent of the

adverse party; and leave shall be freely given when justice so requires.

Courts have consistently held that refusal to grant leave, absent justifying reasons, constitutes an abuse of discretion allowed to the courts and is inconsistent with the intent of the Federal Rules. *See United States v. E.B. Hougham*, 364 U.S. 310, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960); and *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

The directive that "leave shall be freely given when justice so requires" is to be heeded. *See generally*, 3 Moore, Federal Practice (2d ed. 1948), PP 15.08, 15.10.

> If the *underlying facts or circumstances* relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. at 230. (emphasis added).

Rule 15(c)(2) further permits relation back to the amended complaint to the date of the complaint:

> Whenever the claim or defense is asserted and the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in an original pleading, the amendment relates back to the date of the original pleading.

In this case, the amended complaint must relate back to the initial complaint or else the fraudulent conveyance claim would be barred by the two year Statute of Limitations.

▋ The first issue the Court must decide is whether leave should be granted to allow amendment of the complaint. Mack asserts that undue prejudice will result if the motion is granted because the relevant books and records are not within Mack's possession. However, the Second Circuit and other courts in this Circuit have held that merely having to undertake additional discovery does not rise to the level of undue prejudice. *United States v. Continental Illinois Bank and Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989); *In re Walter T. Murphy, Inc.*, 94 Civ. 8094, 1995 WL 35672 (S.D.N.Y. January 30, 1995).

Mack also asserts that the Trustee acted in a dilatory manner which militates against allowing the amendment. However, the Court does not find that any delay on the Trustee's part has been intentional or rises to the level of bad faith. In addition, the Trustee has been gracious in granting the Defendant additional time to file an answer, and has not engaged in any dilatory conduct during the course of this adversary proceeding. Therefore, the Court finds that the Trustee's conduct has caused no impediment to granting the motion to amend the complaint as requested.

The Court also finds that granting the motion to add the fraudulent conveyance claim would not cause undue prejudice to the Defendant as it arises from the same transaction as the preference claim. In coming to this conclusion, the Court has found *In re Walter T. Murphy, Inc.* to be particularly illuminating. In this case, the District Court for the Southern District of New York reversed the Bankruptcy Court's denial of the plaintiff's application to amend its complaint alleging a preference claim to add a fraudulent conveyance action. The initial complaint recited that the books and records relating to the checks at issue had never been delivered to the trustee by the debtor, which gave rise to the allegation that the transfer was a preference. It was only after discovery was commenced that the trustee in the *Murphy* case realized that the defendant in fact had never been a creditor of the debtor.

The District Court found that the wording of the initial complaint was sufficient to put the defendant on notice that a fraudulent conveyance claim might exist, and further found that no prejudice existed merely because the defendant would now have to investigate and prove that the funds were tied to legitimate business expenses. The *Murphy* Court also found that the new claims were "merely variations on the original theme aris-

ing from the same set of operative facts as the original complaint," and therefore granted the trustee leave to amend. *In re Walter T. Murphy, Inc.,* slip op. at p. 7.

The case before the Court is similar to the *Murphy* case. The transactions sued upon between the Debtor and the Defendant are one and the same under either Section 547 or 548 of the Bankruptcy Code.

In addition, the Defendant's claims of prejudice in defending a new claim fail. At first blush, it might appear that the Defendant would be prejudiced since it no longer has the books and records of the Defendant. However, there is no actual prejudice to the Defendant. The Trustee has the same burden of proof to prove its case under Section 547 and 548, and the Defendant is in the same position (*i.e.* no books and records available regarding the transaction) to defend whether it be a claim for relief under Section 547 or Section 548 of the Bankruptcy Code.

Finally, the Court finds that the amendment is not barred by the two-year statute of limitations because the relation back doctrine as set forth in Rule 15(c)(2) applies to this amendment. As discussed above, the preference action and the fraudulent conveyance action arise from the same underlying transaction. This is not a case where the Trustee is seeking to add new claims stemming from completely different facts and transactions. *See In re Srour,* 138 B.R. 413 (Bankr.S.D.N.Y.1992) (Relation back doctrine inapplicable where party sought to add, *inter alia,* a breach of contract claim and a fraudulent conveyance claim based on facts never alleged in whole or in part in the initial complaint). Rather, the fraudulent conveyance claim stems from the same basic facts as alleged in the initial complaint, and put the Defendant on sufficient notice so as to permit relation back to the initial date of the complaint.

Therefore, the Court grants the Trustee's motion to amend the complaint to add the fraudulent conveyance action and to remove the preference action.

Settle an Order in accordance with this decision within ten (10) days hereof.