**In re Robert B. SMITH, Debtor.**

**David DOYAGA, as Trustee of the Estate of Robert B. Smith, Plaintiff,**

v.

**The STEAMFITTERS' INDUSTRY PEN-SION FUND, The Steamfitters' Industry Welfare Fund, The Steamfitters' Industry Security Benefit Fund, The Steamfitters' Industry Vacation Plan and The Steamfitters' Industry Educational Fund, Defendants.**

**Bankruptcy No. 193–10509–260.**
**Adv. No. 194–1400–260.**

United States Bankruptcy Court, E.D. New York.

Jan. 24, 1997.

Fischoff Gelberg & Director, Garden City, New York, for Plaintiff/Trustee.

Richard S. Brook, Mineola, New York, for Defendants.

## MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR LEAVE *NUNC PRO TUNC* TO FILE AND SERVE SECOND AMENDED COMPLAINT

CONRAD B. DUBERSTEIN, Chief Judge.

This matter comes before the Court as an adversary proceeding brought by the Chapter 7 Trustee (hereinafter referred to as "Plaintiff" or "Trustee") of the estate of Robert B. Smith ("Debtor") to recover a preferential transfer or set aside a fraudulent conveyance within the meaning of sections 547 and 548 of the Bankruptcy Code ("Code") respectively. The Plaintiff seeks leave of the Court *nunc pro tunc* for an order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7015 as it incorporates Rule 15(a) of the Federal Rules of Civil Procedure, permitting him to file and serve a second amended complaint on the Defendants. After consideration of the facts and issues surrounding this case, and for the following reasons, the Plaintiff's motion is granted.

### FACTS

The Debtor filed a Chapter 7 voluntary petition for relief on January 21, 1993, as a result of which David Doyaga was appointed trustee of the Debtor's estate. The Trustee commenced this adversary proceeding on October 31, 1994 by filing a complaint to recover a $111,286 payment made by the Debtor to the Defendants. The Trustee alleged in this first complaint that the payment in question constituted a preferential transfer within the meaning of section 547 of the Bankruptcy Code.

Shortly thereafter on November 10, 1994 the Plaintiff filed and served an amended complaint. This amended complaint, while making minor corrections to the original complaint, also sought to recover funds according to section 547 of the Code.[1] The Defendants filed their answer to the first complaint, as amended, on November 23, 1994. Then, on May 31, 1995 the Plaintiff filed a second amended complaint. The second amended complaint sought to recover funds under a fraudulent transfer theory pursuant to section 548 of the Code. In their answer, dated June 5, 1995, to the second amended complaint the Defendants raised the affirmative defense that the Plaintiffs failed to comply with Federal Rule of Civil Procedure 15(a) by not seeking leave of the court to file and serve the second amended complaint. The Defendants requested that the second amended complaint be dismissed with prejudice.

The Plaintiff moved on April 26, 1996 for leave of this Court, *nunc pro tunc*, to file and serve the second amended complaint. The Plaintiff explained the delay in adding the fraudulent conveyance action by stating that he was not aware at the time the original complaint was filed that a fraudulent conveyance under section 548 of the Code had taken place. In addition, the Plaintiff contends

---

1. The Plaintiff was not required to seek leave of the Court for this first amendment of the complaint, as the Defendants had not yet served an answer. *See* Fed.R.Civ.P. 15(a).

that the Defendants had notice of this new claim because it is based on the same transaction as that in the original complaint. The Defendants, in opposition to the motion for leave, claim that the Plaintiff has not provided a sufficient justification for any delay and that they will suffer undue prejudice if they are forced to defend against a fraudulent conveyance action at this time due to the burden of additional discovery and the unavailability or destruction of evidence.

## DISCUSSION

■ Federal Rule of Civil Procedure 15(a) is applicable to the instant proceeding through Federal Rule of Bankruptcy Procedure 7015. Rule 15(a) states that:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

FED.R.CIV.P. 15(a). As the Defendants had already filed an answer to the Plaintiff's amended complaint, Rule 15 required that the Plaintiff seek leave from the court in order to file and serve the second amended complaint. The question presented here is whether leave should now be granted to allow the Plaintiff to file and serve the second amended complaint when a noticeable amount of time has passed between the filing of the original complaint and the filing of the motion presently before this Court.

In interpreting the requirements of Rule 15(a), the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), declared:

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

371 U.S. at 182, 83 S.Ct. at 230. This has become the standard by which courts determine whether to allow the amendment of a pleading.

Based upon the guidelines in *Foman*, Federal Rule of Civil Procedure 15 has been construed broadly regarding the allowance of an amendment of pleadings. The decision of whether to allow an amendment lies solely within the discretion of the trial court, and such discretion should be employed in conjunction with the "liberalizing spirit of the Federal Rules." *United States v. Continental Ill. Nat'l Bank and Trust Co.*, 889 F.2d 1248, 1254 (2d Cir.1989) (citing FED.R.CIV.P. 1). The result of such liberal allowance of amendment is that a plaintiff should be allowed to test its claim on the merits if the facts upon which it relies provide a proper basis for relief. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230.

■ In accordance with the Supreme Court's statement in *Foman v. Davis*, the rule in the Second Circuit is also quite liberal in allowing the amendment of pleadings. In addition to the factors cited in *Foman*, the courts of the Second Circuit have held that in order to deny leave to amend a pleading, a showing other than mere delay on the part of the movant is required. *See Rachman Bag Co. v. Liberty Mutual Ins. Co.*, 46 F.3d 230, 234–35 (2d Cir.1995); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981).[2] This additional showing beyond mere delay can include bad faith on the part of the movant or undue prejudice to the party opposing the motion for leave to amend. *See Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987); *State Teachers Retirement Bd.,*

---

**2.** In fact, numerous amendments have been allowed by the courts, despite the passage of a significant amount of time since the original pleading. *See Richardson Greenshields Sec., Inc.*

*v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987) (citing several Second Circuit cases where amendment of pleadings was permitted despite the passage of time).

654 F.2d at 856 (citations omitted). The opponent of the motion for leave to amend has the burden of establishing one of these additional factors. *See Saxholm AS v. Dynal, Inc.*, 938 F.Supp. 120, 123 (E.D.N.Y. 1996); *Fariello v. Campbell*, 860 F.Supp. 54, 70 (E.D.N.Y.1994) (citing *Panzella v. Skou*, 471 F.Supp. 303, 305 (S.D.N.Y.1979)). As there has been no claim by the Defendants of bad faith on the part of the Plaintiff, this Court need only address questions of delay and prejudice.

▮ In many circumstances allowing an amendment of pleadings can cause undue prejudice to an opponent. Undue prejudice arises where the amendment seeks to add new claims based upon a different time period, where a different set of facts is alleged and where the original complaint did not provide fair notice of the new claims. *See Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir.1985). Undue prejudice has also been found where the new claims would substantially alter the original complaint's claims for relief and where the trial of the case would be delayed. *See Barrows v. Forest Lab., Inc.*, 742 F.2d 54, 58 (2d Cir.1984).

In *Barrows* the Second Circuit Court of Appeals affirmed the district court's denial of leave to amend a complaint to add entirely new claims two and one-half years after the filing of the original complaint. The court found that allowing such an amendment would create a "radical shift" in recovery which could result in a windfall to the plaintiffs. *Id.* at 58–59. According to the Second Circuit Court of Appeals, allowing the amendment in *Barrows* would have been unfair as discovery would have to be greatly expanded for the new claims. *Barrows*, 742 F.2d at 59. Similarly, in *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.* the lower court's denial of leave to amend was upheld where the proposed amendment would have been "especially prejudicial" because the new claims were based on a completely different time period, the parties had already completed discovery and a summary judgment motion had been filed by the defendant. *Ansam*, 760 F.2d at 446.

*Ansam* and *Barrows* have set the standards for determining whether to allow a Rule 15(a) amendment, and the Court will be guided by them in the instant case. Here the Plaintiff's proposed amendment would allege a fraudulent conveyance claim based upon the same facts as those in the original complaint, which alleged a preferential transfer. Allowing the Plaintiff's amendment would not create a "radical shift" in recovery as described in *Barrows* because in this case the Defendants had notice of potential liability under the original complaint which is similar to the potential liability under the amended complaint. *See Barrows*, 742 F.2d at 58; *Mendelsohn v. Mack Fin. Corp. (In re Frank Santora Equip. Corp.)*, 202 B.R. 543, 545–46 (Bankr.E.D.N.Y.1996) (finding no undue prejudice in the addition of a fraudulent conveyance claim to a complaint containing a preference claim, as both claims arose from the same transaction). Also, allowance of the amendment would not appear to significantly delay any trial, and in contrast to *Ansam*, no dispositive motions have yet been made in the instant case. *Ansam*, 760 F.2d at 446; *accord State Teachers Retirement Bd.*, 654 F.2d 843, 856 (2d Cir.1981) (finding no prejudice where no trial date·had yet been set and no summary judgment motion had been filed by the defendants). From the record presented to this Court, it appears that no trial date has yet been set in the instant case. However, a stipulation entered into by the parties and filed with the Court indicates that discovery has continued in this case as recently as June 18, 1996. (*See* Stipulation Extending Pl.'s Time to Respond to Defs.' First Set of Requests for Admissions, so ordered by this Court on June 25, 1996.) Because the Plaintiff's motion was filed in April, 1996, when discovery was not yet complete, allowing the Plaintiff to amend the complaint would not rise to the level of prejudice found in *Ansam* and *Barrows*, where allowing the amendment of pleadings would have resulted in reopening and significantly expanding discovery.

The present dispute is similar to that in *O'Neil v. Kelley Drye & Warren (In re Colonial Cheshire I Ltd. Partnership)*, 167 B.R. 748 (Bankr.D.Conn.1994), where the court allowed the plaintiff/trustee to amend the

complaint in an adversary proceeding to add a fraudulent conveyance cause of action nine months after the filing of the original complaint, which was based on a turnover theory of recovery under section 542 of the Code. The *O'Neil* court noted that the courts of the Second Circuit find that prejudice to the opponent of an amendment is greatly reduced where discovery is complete but there is no trial date set and no dispositive motions filed. *Id.* at 751 (citations omitted). In finding that the new fraudulent conveyance claim relied on the same facts as the original complaint, the *O'Neil* court was not persuaded that there was undue prejudice to the defendant by reason of the additional discovery which would be required if the fraudulent conveyance claim was added. *Id.* (citing *United States v. Continental Ill. Nat'l Bank and Trust Co.*, 889 F.2d at 1255 for the proposition that any burden of additional discovery was by itself not sufficient justification for the denial of leave to amend a pleading). Instead the bankruptcy court found that the addition of the new cause of action would not require a defense against allegations of which the defendant had no notice. *Id.*

Notwithstanding the Defendants' contention in the instant case that allowing the Trustee to amend the complaint to add the fraudulent conveyance claim would be prejudicial, this Court does not find that allowing the amendment will create undue prejudice. Defendants claim that the addition of such an amendment would be unduly prejudicial in that the evidence (books and records of John Grace & Co.) which they contend is required for a defense against the fraudulent conveyance action is no longer available. However, from the dates provided to this Court, it appears that such evidence may never have been available to the Defendants. The original complaint in the present adversary proceeding was filed on October 31, 1994. The Defendants claim that the records of John Grace & Co. were available as late as July, 1993 but since that time they may have been lost or destroyed. (*See* Defs.' Aff. in Opp'n, ¶ 13(a).) According to the dates given by the Defendants themselves, the evidence which they contend has been either lost or destroyed would have been in such a state even if the Plaintiff had included a fraudulent conveyance cause of action in the original complaint.[3]

Allowing the Plaintiff to amend the complaint to include a fraudulent conveyance claim does not cause the Defendants undue prejudice. Instead it merely places the Defendants in the same position they would have been in if the Plaintiff had included the fraudulent conveyance cause of action in the original complaint.[4] In addition, the Plaintiff's amendment is not unduly prejudicial as no dispositive motions have been filed in the case, there is no radical shift in recovery from the original complaint, the new claim is based on the same transaction as that in the first complaint and discovery will not have to be greatly expanded. Therefore the Plaintiff's motion for leave *nunc pro tunc* to May 31, 1995 to amend the complaint is granted.[5]

The Defendants' request that the Plaintiff bear the costs associated with locat-

---

**3.** At least one court has remarked that lost documents, inaccessible witnesses and the faded memories of witnesses do not constitute undue prejudice. *See Lampert v. Pace University*, No. 94CIV.3467(KTD)(RLE), 1996 WL 453060, at *2 (S.D.N.Y. Aug. 12, 1996) (Ellis, Mag.); *aff'd.*, No. 94Civ.3467(KTD) (S.D.N.Y. Jan. 8, 1997).

**4.** In a recent case very similar to the present dispute, Bankruptcy Judge Eisenberg of this district rejected the argument that lost books and records regarding the transaction in question create undue prejudice to the opponent of an amendment. *Mendelsohn v. Mack Fin. Corp. (In re Frank Santora Equip. Corp.)*, 202 B.R. 543, 546 (Bankr.E.D.N.Y.1996). In allowing the trustee to amend the complaint to replace a preference claim with a fraudulent conveyance cause of

action, Judge Eisenberg held that the defendant would not be unduly prejudiced by having to seek books and records from a defunct company. *Id.* Instead, the court noted that the defendant was in the same position regarding the unavailability of the books and records whether the trustee's cause of action was one under section 547 or section 548 of the Code. *Id.* The Defendants' similar claim of undue prejudice due to lost evidence is equally unpersuasive.

**5.** The Plaintiff did not specify an operative date for the *nunc pro tunc* leave to amend requested in his motion. However, the Court assumes that the Plaintiff intended to request leave *nunc pro tunc* to May 31, 1995, the date the second amended complaint was filed with the Court.

ing the records of John Grace & Co., Inc. is denied. Further, the Court will not enter a conditional order dismissing the second amended complaint based upon the results of any future discovery, as requested by the Defendants. Although it is within the court's power to grant leave to amend based upon "reasonable conditions," *Parissi v. Foley,* 203 F.2d 454, 455 (2d Cir.1953); *Hayden v. Feldman,* 159 F.R.D. 452, 454 (S.D.N.Y.1995) (citations omitted), it is inappropriate to do so in the present case. There is no undue prejudice to the Defendants in allowing the amendment because they are in the same position (regarding any lost or destroyed evidence) as if the original complaint had included the fraudulent conveyance cause of action.

 As to the effect of allowing the amendment of the complaint, both the Plaintiff and the Defendant concur that if this Court grants leave to amend, then all previously filed complaints will be superseded by the second amended complaint. "A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1476 (1990). Thus, the second amended complaint now functions as the sole complaint in this adversary proceeding.

## CONCLUSION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

2. The Plaintiff's motion pursuant to Federal Rule of Bankruptcy Procedure 7015, as it incorporates Rule 15(a) of the Federal Rules of Civil Procedure, for leave of this Court *nunc pro tunc* to file and serve the second amended complaint is granted.

SETTLE AN ORDER CONSISTENT WITH THIS OPINION.